407 S.E.2d 395

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**KRYSTAL T., An Infant Under the Age of Eighteen (18) Years, and David T. and Shelly T., Parents of Said Infant, Defendants Below, Appellants.**

**No. 20112.**

Supreme Court of Appeals of West Virginia.

Submitted June 4, 1991.

Decided July 11, 1991.

G. Richard Bunner, Fairmont, for appellant, David T.

Kourtney A. Ryan, Fairmont, for the appellant, Shelly T.

J. Montgomery Brown, Prosecuting Atty., Fairmont, for the appellee.

Karen M. Yokum, Fairmont, Guardian Ad Litem for Krystal T., an infant under the age of 18 years.

PER CURIAM:

In this appeal the appellants, David T. and Shelly T., claim that the Circuit Court of Marion County erred in terminating their parental rights to their infant daughter, Krystal T. They also claim that the court erred in failing to grant them an extended improvement period. After reviewing the record, this Court disagrees with the appellants' contentions and affirms the judgment of the Circuit Court of Marion County.

In November, 1989, the West Virginia Department of Human Services received information that the appellants' infant daughter, Krystal T., was malnourished and grossly underweight. The Department of Human Services investigated the report and determined that the infant was failing to thrive and ordered the infant hospitalized in the Fairmont General Hospital.

The infant's father, David T., objected to the hospitalization at Fairmont General Hospital due to the hospital's negligent treatment of another child, and as a result of his objection, the infant was transferred to Ruby Memorial Hospital at Morgantown.

At Ruby Memorial Hospital, Krystal T. was diagnosed as suffering from nutritional deprivation and from a possible thyroid condition. In spite of this, the appellant, David T., demanded the immediate release of the infant, and a nurse heard him threaten to remove the infant from the hospital and to conceal her unless she was released immediately.

Following this incident, the Department of Human Services filed a custody petition for, and took physical and legal custody of, Krystal T. A hearing was held on the

petition, and during the hearing evidence relating to David T.'s behavior toward the child, as well as his abusive behavior toward Shelly T. was developed. As a result of the hearing, it was directed that the psychological conditions of the appellants be assessed.

The appellants underwent the court-ordered psychological assessment, and the assessment revealed that the appellant, Shelly T., was an insecure, immature, and dependent individual. The psychologist who examined her concluded that she deferred to her husband's judgment, allowed him to control situations, and depended on him for emotional support. The psychologist said:

> The biggest problem facing Shelly at this time is her relationship with her husband. He is very domineering, manipulative and self-indulgent. It is unlikely that Shelly could successfully confront her husband on matters relating to Krystal's well-being and prevail.

About the appellant, David T., the psychologist said:

> [H]e is ... a very rigid individual who tends to deny problems and has a need to portray himself in a favorable light. He is often impulsive and acts out without considering the consequences of his actions. He has a strong need for power, status and recognition. These traits combined with his mistrust of physicians could pose a serious threat to Krystal's well-being.

The psychologist recommended that the appellants attend counselling and parenting skills classes on a weekly basis for a minimum of ninety days.

After receiving the assessment results, the circuit court granted the appellants a three-month improvement period and directed that they attend weekly counselling sessions and parenting skills classes. The court also directed them to participate in an alcohol and drug assessment and treatment program.

During hearings in the case, Dr. William Thomas Corder testified regarding Krystal's physical condition at the time she was at Ruby Memorial Hospital. He indicated that the child had actually lost weight since birth, but that she gained weight while in the hospital. He testified that the level of the child's thyroid stimulating hormone was grossly abnormal and that the condition, if untreated, could result in severe growth retardation and severe mental retardation. He also indicated that it was important that the child receive adequate medical monitoring and treatment.

Dr. Corder further testified that, given the attitude of David T., he was very concerned that Krystal T. would not receive adequate medical follow-up. He indicated that he believed that the appellant, Shelly T., was very intimidated by her husband and that she would not bring the child in if her husband told her not to.

At a later hearing, it was also shown that the appellants had failed to comply with the directions of the court relating to their participation in counselling and parenting programs. A principal purpose for requiring their participation was to bring about an awareness of Krystal T.'s needs and to alter behavioral patterns which interfered with the willingness of the appellants to seek medical care for the child. The parties had attended only two counselling sessions and three parenting classes in a three-month period.

On June 4, 1990, Dan Benkiel, who qualified as an expert family counselor and who had been in charge of counselling the appellants during their improvement period, indicated that the appellants had just started the counselling process. He testified that they were in need of parenting skills. When asked what their chances of success were, he indicated that, at best, they had a fifty-fifty chance if they attended all sessions. He indicated that they required intensive training and at another point indicated that the chance of success with intensive training was very minimal.

During the hearing, the appellants moved for an additional improvement period. The Department of Human Services, on the other hand, moved that the parental rights of the appellants be terminated.

At the conclusion of the hearing, the trial court, by order dated August 21, 1990, denied the motion for an additional improvement period and terminated the parental rights of the appellants.

■ In the present proceeding, the appellants claim that the evidence adduced did not support a termination of their parental rights.

*West Virginia Code*, 49–1–3(g)(1)(A), defines a neglected child as a child:

... whose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian or custodian to supply the child with necessary food ... [or] medical care ... when such refusal, failure or inability is not due primarily to a lack of financial means on the part of the parent, guardian or custodian ...

The evidence adduced in the present case showed that at the age of six weeks Krystal T. was substantially below her birth weight and that the child's thyroid functioning was severely compromised and potentially severely damaging to the child's physical and mental health. Uncontroverted evidence showed that the appellants had deferred taking the child to a doctor, apparently because of David T.'s distrust of doctors and his tendency to deny problems. They also failed to comply with the requirements of the improvement period and failed to attend a substantial number of training and counselling sessions, sessions which were designed to acquaint them with Krystal T.'s needs and to alter behavior patterns which precluded them from seeking medical care for the child.

■ In syllabus point 6 of *In re Willis*, 157 W.Va. 225, 207 S.E.2d 129 (1973), this Court established the standard of proof in a case for termination of parental rights:

The standard of proof required to support a court order limiting or terminating parental rights to the custody of minor children is clear, cogent and convincing proof.

After reviewing the record, this Court concludes that the evidence in the present case shows clearly, cogently, and convinc-

ingly that the appellants did not provide adequately for the physical needs, particularly the medical needs, of the infant child and that the evidence suggests that the appellants are not sufficiently motivated or organized to equip them for providing for the needs of the child on an ongoing basis.

Under the circumstances, this Court cannot conclude that the trial court erred in concluding that the evidence supported a termination of the appellants' parental rights.

■ The appellants' second contention on appeal is that the trial court erred in failing to grant them an adequate or additional improvement period.

*West Virginia Code*, 49–6–2(b), authorizes a trial court to allow the parents of a child an improvement period of from three to twelve months in order to remedy alleged circumstances upon which the proceeding to terminate parental rights is based.

In the present case, the trial court granted the appellants an improvement period. In conjunction with the grant of the improvement period, the court directed the appellants to attend counselling and treatment sessions and to attend parenting skills classes. The stipulations were imposed to afford the appellants an opportunity to equip themselves to become capable parents. The evidence shows that the appellants were remiss in failing to attend training and counselling sessions during the improvement period granted, and no adequate excuse for failing to attend was advanced. The Court believes that the record fails to disclose that during an additional improvement period the appellants would be any more diligent in pursuing the counselling, training, and treatment which they need or that the grant of an additional improvement period would materially alter the appellants' motivation or capacity to care for the infant.

Lastly, the appellants claim that the circuit court did not apply the appropriate legal standard for terminating their parental rights. As previously indicated, *In re Willis* requires that clear and convincing

proof be adduced before parental rights are terminated. This standard has also been adopted by *W. Va. Code*, 49–6–2(c). As previously indicated, this Court believes that the evidence adduced clearly, cogently, and convincingly supports the trial court's decision to terminate the appellants' parental rights. After examining the court's order and the record in the case, this Court cannot find that the trial court based its conclusion on anything other than this standard.

For the reasons stated, the judgment of the Circuit Court of Marion County is affirmed.

Affirmed.